CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 3 1 2019

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

TERRY C. BRADLEY,            )
                             )     Civil Action No. 7:19CV00359
     Plaintiff,         )
                             )     **MEMORANDUM OPINION**
v.                       )
                             )     By: Hon. Glen E. Conrad
L.L. SNIDOW, et al.,        )     Senior United States District Judge
                             )
     Defendants.      )

Terry C. Bradley, proceeding pro se, commenced this action by filing a form complaint against the Virginia Tech Police Department and two individual defendants. The plaintiff has not paid the filing fee but will be granted leave to proceed in forma pauperis for purposes of initial review of her complaint. For the following reasons, the court concludes that the case must be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### Background

The following factual allegations are taken from the complaint and the attached exhibits. See Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166 (4th Cir. 2016) (noting that the court may consider exhibits to a complaint in assessing its sufficiency).

In 2001, Bradley worked in the bookstore at Virginia Polytechnic Institute and State University ("Virginia Tech"). On October 22, 2001, the director of the bookstore contacted the Virginia Tech Police Department and reported that Bradley had admitted to taking money from the store by crediting merchandise returns to her personal check card. Based on the information provided, Sergeant L.L. Snidow and Officer F.M. Miano "allegedly obtained a valid warrant to arrest the plaintiff." Compl. 4, Dkt. No. 2. However, the plaintiff claims that "no valid arrest

warrant was obtained," and that what was identified as an arrest warrant was actually a Virginia Uniform Summons. Id.; see also Compl. Ex. 1, Dkt. No. 2-1.

On January 23, 2002, a grand jury returned an indictment charging Bradley with embezzlement. Montgomery County Circuit Court records indicate that Bradley entered a plea of guilty on March 8, 2002, and that the presiding judge imposed a three-year suspended sentence, three years of supervised probation, and a fine and fees totaling $855.00. Bradley signed a form acknowledging her conditions of probation on March 18, 2002.

Approximately fifteen years later, Bradley applied for a job with a public school system in North Carolina. A background check revealed that Bradley had a prior felony conviction for embezzlement. As a result of the conviction, the school system declined to hire Bradley.

Bradley subsequently filed a petition requesting expungement of the records related to the embezzlement charge. The petition was denied by the Circuit Court on April 5, 2018. A subsequent petition for appeal was denied by the Supreme Court of Virginia on February 4, 2019.

On May 9, 2019, Bradley filed the instant action under 42 U.S.C. § 1983 against Snidow, Miano, and the Virginia Tech Police Department.* Bradley claims that the defendants violated her constitutional rights to equal protection and due process by arresting her "based on falsified documentation" and "representing such as a valid warrant." Compl. at 4. She seeks to recover monetary damages in the amount of $123,000,000. Id. at 5.

## Standard of Review

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006). The court must dismiss a case "at any time" if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The

---

* This is the third action Bradley has filed regarding the same factual allegations.

2

standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiffs. Philips, 572 F.3d at 180. To survive dismissal for failure to state a claim, a complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see also Jones v. Bock, 549 U.S. 199, 215 (2007) ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal . . . .").

### Discussion

As indicated above, Bradley filed a form complaint designated for pro se plaintiffs who wish to pursue a claim under 42 U.S.C. § 1983. Section 1983 provides a cause of action against any person who, under color of state law, causes the deprivation of another person's rights under the Constitution or laws of the United States. 42 U.S.C. § 1983. For the following reasons, the court concludes that the plaintiff's complaint fails to state a plausible claim under § 1983 against any of the named defendants.

### I.    Claims against the Virginia Tech Police Department

To state a claim under § 1983, a plaintiff must name a defendant who qualifies as a "person" within the meaning of the statute. It is well-settled that "a state is not a 'person' for purposes of determining who can be sued under § 1983." Va. Office for Prot. & Advocacy v.

Reinhard, 405 F.3d 185, 189 (4th Cir. 2005) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). The same is true for state entities. See id. (agreeing that "a state agency . . . is not a 'person' within the meaning of the statute"). Consequently, Virginia Tech and its police department, as state entities, "clearly fall[] outside the scope of a 'person' for § 1983 purposes." Zhao v. Va. Polytechnic Inst. & State Univ., No. 7:18-cv-00189, 2018 U.S. Dist. LEXIS 177991, at *8 (W.D. Va. Oct. 16, 2018). The plaintiff's claims against the Virginia Tech Police Department are therefore subject to dismissal.

## II.    Claims against Snidow and Miano

Although state officers sued in their individual capacities are "persons" subject to suit under § 1983, Hafer v. Melo, 502 U.S. 21, 22 (1991), the court concludes that the complaint fails to state a plausible due process or equal protection claim against Snidow and Miano. As the United States Court of Appeals for the Fourth Circuit has explained, "the Due Process Clause is not the proper lens through which to evaluate law enforcement's pretrial missteps." Safar v. Tingle, 859 F.3d 241, 245 (4th Cir. 2017). "Compared to the more generalized notion of due process, the Fourth Amendment provides an explicit textual source of constitutional protection against unreasonable seizures and arrests, and defines the process that is due for seizures of persons or property in criminal cases." Id. (internal quotation marks and alterations omitted). Thus, the assessment of an allegedly unconstitutional arrest is controlled by the Fourth Amendment. Id.

"The Fourth Amendment prohibits law enforcement officers from making unreasonable seizures, and the seizure of an individual effected without probable cause is unreasonable." Brooks v. City of Winston-Salem, 85 F.3d 178, 183 (4th Cir. 1996) (citing Graham v. Connor, 490 U.S. 386, 396-97 (1989)). Thus, to state a claim for false arrest under § 1983, a plaintiff must demonstrate that she was arrested without probable cause to believe that a crime had been or was

being committed.  <u>Sowers v. City of Charlotte</u>, 659 F. App'x 738, 739 (4th Cir. 2016) (citing

<u>Street v. Surdyka</u>, 492 F.2d 368, 372-73 (4th Cir. 1974)).

In this case, the plaintiff does not assert, much less plausibly demonstrate, that she was

arrested without probable cause.  Instead, Bradley claims that her arrest was not made pursuant to

a valid arrest warrant.  As indicated above, however, "[t]he Fourth Amendment prohibits

'unreasonable searches and seizures, not warrantless ones."  <u>Graves v. Mahoning Cnty.</u>, 821 F.3d

772, 775 (6th Cir. 2016) (internal citations omitted).  Consequently, the plaintiff "may not prevail

merely by showing that [she was] arrested with a defective warrant; [she] must show that [she was]

unreasonably seized."  <u>Id.</u> (emphasis in original).  Without facts demonstrating that the plaintiff

was arrested without probable cause, the plaintiff "cannot state a Fourth Amendment § 1983 claim

against anyone."  <u>Id.</u> at 776; <u>see also</u> <u>Robinson v. City of South Charleston</u>, 662 F. App'x 216, 221

(4th Cir. 2016) (noting that "probable cause is sufficient to justify a public arrest under the Fourth

Amendment, regardless of the validity of the arrest warrants obtained by the officers or any

deficiencies in the affidavits supporting them") (citing <u>Graves, supra</u>).  For these reasons, the

court concludes that the complaint fails to state a plausible claim under the Fourth Amendment.

The court likewise concludes that the complaint fails to state a plausible claim under the

Equal Protection Clause of the Fourteenth Amendment.  The complaint merely references "equal

protection under the law" without providing any further factual enhancement.  Such a conclusory

assertion is insufficient to state a claim upon which relief can be granted.  <u>See</u> <u>Vista-Graphics,</u>

<u>Inc. v. Va. Dep't of Transp.</u>, 682 F. App'x 231, 237 (4th Cir. 2017) (holding that the plaintiff's

"single passing reference in their complaint to the Equal Protection Clause" was insufficient under

<u>Iqbal</u>).

Additionally, it is clear from the plaintiff's complaint that her claims are untimely. The statute of limitations for constitutional claims under § 1983 is borrowed from the forum state's personal injury statute. See Wilson v. Garcia, 471 U.S. 261, 276 (1985). Virginia has a two-year statute of limitations for personal injury actions. Va. Code § 8.01-243(A). Accordingly, a plaintiff seeking to bring a civil rights action under § 1983 in Virginia must do so within two years after the cause of action accrues.

The question of when a cause of action accrues under § 1983 is an issue of federal law. Wallace v. Kato, 549 U.S. 384, 388 (2007); Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (en banc). Under federal law, accrual occurs "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." Wallace, 549 U.S. at 388 (internal quotation marks omitted). Applying these principle, courts have held that claims related to an arrest accrue at the time of the arrest. See Wallace, 549 U.S. at 388; see also Rose v. Bartle, 871 F.2d 331, 350 (3d Cir. 1989) (observing that "a section 1983 claim for false arrest accrues on the date of the arrest, as does a section 1983 claim for abuse of process, because on that date a plaintiff would have reason to know of the injury which those two torts encompass"); Fox v. DeSoto, 489 F.3d 227, 233 (6th Cir. 2007) (concluding that claims for wrongful arrest and the use of excessive force in effectuating an arrest accrue at the time of the arrest); Castapheny v. W.Va. State Police, No. 2:10-cv-00735, 2011 U.S. Dist. LEXIS 607, at *15 (S.D. W.Va. Jan. 3, 2011) (holding that the plaintiff's claims for violations of due process and equal protection accrued up to and through his arrest on June 8, 2006, and that the two-year statute of limitations expired no later than June 8, 2008). This is true "even though the full extent of the injury is not then known or predictable." Wallace, 549 U.S. at 391 (internal quotation marks omitted). "Were it otherwise, the statute would begin to run only after a plaintiff became satisfied

that [she] had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief." Id.

In this case, the record reveals that Bradley was arrested in 2001, and that she was convicted and sentenced in 2002. Thus, any claims related to her arrest accrued well more than two years before the instant action was filed. Because Bradley did not file suit until 2019, her claims are untimely.

## Conclusion

For the reasons stated, the court will grant the plaintiff's motion for leave to proceed in forma pauperis. However, her complaint will be dismissed pursuant to § 1915(e)(2)(B)(ii).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

DATED: This 31st day of May, 2019.

/s/ Glen E. Conrad
Senior United States District Judge